UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES BECK,

        Plaintiff,

vs.                            Case No. 2:11-cv-646-FtM-29DNF

DR. JACQUES LAMOUR,

        Defendant.
_____

## ORDER OF DISMISSAL

### I.

This matter comes before the Court upon review of the Civil Rights Complaint (Doc. #1, Complaint), filed on November 8, 2011. Plaintiff, who is proceeding pro se, initiated this action as a civil detainee[1] at the Florida Civil Commitment Center (hereinafter "FCCC").[2] Plaintiff seeks leave to proceed as a pauper. Doc. #2.

Despite Plaintiff's non-prisoner status, the Complaint remains subject to initial review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3] Pursuant to 28 U.S.C. § 1915, the Court is required to

---

[1] Plaintiff does not specify whether he has had his civil commitment trial. Nevertheless, Plaintiff is civilly detained at the FCCC.

[2] Plaintiff did not accompany the filing of his Complaint with a motion to proceed in forma pauperis and the Court will not direct Plaintiff to do so because the action is subject to dismissal.

[3] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit

(continued...)

review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)

A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it

---

[3](...continued)
previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the in forma pauperis statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**II.**

The Complaint names Jacques Lamour, the medical doctor at the FCCC, as the sole Defendant. Complaint at 1. Plaintiff alleges that Defendant Lamour violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution and under Article 1, section 2, of the Florida Constitution, by showing deliberate indifference to his serious medical needs, specifically a herniated disc in his neck. Id. at 2-3.

The gravamen of the Complaint is that Plaintiff went approximately five months with "no treatment" for his herniated disc in his neck. Id. at 4. Specifically, Plaintiff claims that on or about March 1, 2010, he began experiencing "pain in the neck." Id. at 3. Plaintiff alleges his "subjective complaints about pain in the neck" were not taken seriously. Id. ¶ 4 According to the Complaint, the FCCC medical department saw Plainitff on August 2, August 7, August 17, August 20, August 23, and October 9, 2010. Further, on an unspecified date, Defendant Lamour took an x-ray of Plaintiff. Id. ¶4, ¶6. Plaintiff also acknowledges that he saw a specialist for his neck condition on August 15, 2010. Id. at 4, ¶5. Additionally, Plaintiff was given an MRI of his neck on September 13, 2010, and an MRI of his lower back on September 15, 2010. Id. at 5, ¶8. Plaintiff underwent surgery for the herniated disc in his neck on September 23, 2010. Id. at 5, ¶9. As relief, Plaintiff seeks $500,000 in "general damages" and $500,000 in "punitive damages." Id. at 6.

### III.

The Court finds that Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Even liberally construing the facts alleged in the

Complaint, the Court finds the action fails to state a cruel and unusual punishment claim under the United States Constitution.[4]

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. This showing requires a plaintiff to satisfy an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)).

A plaintiff must first show that he had an "objectively serious medical need." Id. "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left

---

[4]Because the Court finds the federal claims will not proceed, the Court will not exercise pendent jurisdiction over Plaintiff's claim arising under the Florida Constitution.

unattended, pos[es] a substantial risk of serious harm." Id. (citing Taylor, 221 F.3d at 1258)(alteration in original); see also Andujar v. Rodriquez, 486 F.3d 1199, 1203 (11th Cir. 2007) (finding that a condition involving more than "superficial" wounds, affecting ability to walk, and pain that caused crying was objectively, sufficiently serious), cert. denied sub. nom, 128 S.Ct. 385 (2007).

Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); (2) disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243. Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).

The Supreme Court has stated that decisions such as whether an x-ray, additional diagnostic techniques, or other forms of

treatment are indicated are "[c]lassic example[s] of matters for medical judgment." Estelle, 429 U.S. at 107. The course of treatment chosen by a medical official would appear to be such "a classic example of a matter for medical judgement." Id. A complete denial of readily available treatment for a serious medical condition obviously constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, no constitutional violation exists where an inmate and a prison medical official merely disagree as to the proper course of medical treatment. Harris, 941 F.2d at 1505.

Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable. See id. at 393-94; Brown v. Hughes, 894 F.2d 1533, 1537-39 (11th Cir. 1990). Plaintiff seeking to show that a delay in medical treatment amounted to deliberate indifference "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Hill v. Dekalb Reg'l Youth Pet. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), abrogated in part on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 n. 9 (2002)); see also Farrow v. West, 320 F.3d 1235, 1244 n. 12 (11th Cir. 2003) ("In

Hope v. Pelzer, 536 U.S. 730 (2002) . . . the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").

The Court accepts as true all of the Plaintiff's allegations in the Complaint. Plaintiff claims he began experiencing pain from a herniated disk in his neck in March 2010. The Court assumes arguendo that a herniated disk in the neck constitutes a serious medical need. However, beyond Plaintiff's conclusory allegations that Defendant Lamour was deliberately indifferent to Plaintiff's serious medical need, the Complaint does not contain any facts supporting a finding that Lamour possessed the requisite knowledge, or acted with the requisite culpability.

In fact, the Complaint alleges that only six months from the date Plaintiff initially complained of experiencing pain in his neck, Plaintiff underwent surgery for a herniated disk in his neck. Plaintiff acknowledges that Defendant Lamour initially ordered an x-ray for him at an unspecified time. The medical department at the FCCC saw Plaintiff weekly during the months of August and September. Plaintiff acknowledges that he was transported and seen by a medical specialist in early September and given two MRI's in mid-September, before he underwent surgery. To the extent Plaintiff attempts to attribute liability on Defendant Lamour based on the five-month delay from his initial complaints of pain to the

date he saw a "specialist," Plaintiff has not alleged any detrimental effect of the delay in medical treatment. Consequently, Plaintiff has not alleged any facts indicating that Defendant Lamour was aware of a substantial risk of serious harm to Plaintiff and that Lamour actually drew that inference. Therefore, the Complaint must be dismissed for failure to state claim under § 1915(e)(2)(b)(ii).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED**, without prejudice, pursuant to § 1915(e)(2)(B)(ii).

2. Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is **DENIED.**

3. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __10th__ day of November, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-9-